# KATHERINE RUNGE v. HENRY SCHROEDER.[1]

March 16, 1928.

No. 26,597.

**Finding of grantor's mental incompetency not required by evidence.**
1. In an action to set aside a deed given to the defendant by his father the evidence did not require a finding that the father was mentally incompetent or that the execution of the deed was induced by undue influence.

**When rejection of testimony was not error.**
2. The case was closed except for the testimony of a physician to be called by the defendant and such evidence as might be given in rebuttal of his testimony. It was not error to reject the testimony of a witness called in rebuttal when it did not appear that his testimony would rebut that of the physician.

**When ruling on evidence is not reviewable on appeal.**
3. When no exception is taken to a ruling on evidence at the trial, and there is no motion for a new trial with a specification of error, the ruling is not reviewable on appeal from the judgment.

Appeal and Error, 3 C. J. p. 912 n. 92; p. 976 n. 27.
Deeds, 18 C. J. p. 443 n. 19; p. 445 n. 34.
Trial, 38 Cyc. p. 1352 n. 10.

Plaintiff appealed from a judgment of the district court for Otter Tail county, Parsons, J. Affirmed.

*Harry B. Schermerhorn,* for appellant.

*M. J. Daly* and *M. J. Daly, Jr.* for respondent.

DIBELL, J.

Action to set aside a quitclaim deed given by Henry Schroeder, Sr. to the defendant, his son. There was judgment for the defendant and plaintiff appeals.

1. Henry Schroeder, Sr. came from Germany in 1885 and purchased a quarter section farm near Perham in Otter Tail county.

[1]Reported in 218 N. W. 455.

The plaintiff is his daughter. He has two other daughters. The defendant is his son. There were no other children.

On May 7, 1910, the elder Schroeder, his wife joining, conveyed his farm to the defendant. The deed provided that the parents were to have possession of the farm so long as they lived and that the son was to give them suitable support. It was the understanding, not incorporated in the deed, that the son would give the plaintiff a mortgage of $500 upon the farm, a mortgage of like amount to another sister, and a mortgage of $1,000 to another. These mortgages were given. They were paid except the one to the plaintiff— the refused payment.

The plaintiff's claim is that Schroeder was mentally incompetent to make the deed and that it was induced by undue influence. Schroeder was 87 years old when the deed was given. He died three years later. He was infirm and to some extent mentally affected. It was natural that the farm should go to his son. It was natural that the father should charge the farm with payments in money to his daughters. The daughter who received $1,000 was the one who gave him the most care. The case is not an unusual one and does not invite a discussion of the facts. The evidence does not require a finding of want of mental capacity or of undue influence. See 6 Dunnell, Minn. Dig. (2 ed.) §§ 9949-9952.

2. The plaintiff claims and argues at some length that there was error in the refusal to receive the testimony of a witness called in rebuttal. The case had been closed except for the testimony of a physician to be called by the defendant and such testimony as should be offered in rebuttal of his testimony. There was no offer of proof. The record does not indicate that his testimony would have rebutted that of the physician, or that it would have been other than cumulative of that offered in direct. There was no error in refusing it.

3. Besides, no exception was taken to the ruling of the court. There was no motion for a new trial, with a specification of error, and on appeal from the judgment there is nothing for review. G. S. 1923, § 9327; 5 Dunnell, Minn. Dig. (2 ed.) § 7091; 1 Dunnell, Minn. Dig. (2 ed.) § 358a.

Judgment affirmed.